IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATALYST ENERGY, INC., | ) | |
| | ) | Civil Action No. 1:09-cv-00070 SJM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES FOREST SERVICE, | ) | |
| an Agency of the U.S. Dept. of Agriculture; | ) | |
| | ) | |
| Defendant | ) | |
| and | ) | |
| | ) | |
| LEANNE M. MARTEN, in her capacity as the | ) | |
| Forest Supervisor of the Allegheny National | ) | |
| Forest; ANTHONY V. SCARDINA, in his capacity | ) | |
| as District Ranger of the Allegheny | ) | |
| National Forest; ROBERT T. FALLON, in his | ) | |
| capacity of District Ranger of the Marienville | ) | |
| Ranger District of the Allegheny National Forest; | ) | |
| and KENT P. CONNAUGHTON, in his capacity as | ) | |
| the Regional Forester of the Eastern Region | ) | |
| of the Forest Service; | ) | |
| | ) | |
| Relief Defendants. | ) | **JURY TRIAL DEMANDED** |

## REPORT OF RULE 26(f) CONFERENCE

1.　　Plaintiff:　　　　　　　　Catalyst Energy, Inc.

　　　　Counsel for Plaintiff:　　　Gary P. Hunt
　　　　　　　　　　　　　　　　　Tucker Arensberg, P.C.
　　　　　　　　　　　　　　　　　1500 One PPG Place
　　　　　　　　　　　　　　　　　Pittsburgh, PA 15222
　　　　　　　　　　　　　　　　　Tel:  412-594-5518
　　　　　　　　　　　　　　　　　Fax: 412-594-5619
　　　　　　　　　　　　　　　　　Email: ghunt@tuckerlaw.com

　　　　Defendants:　　　　　　　United States Forest Service
　　　　　　　　　　　　　　　　　Leanne M. Marten
　　　　　　　　　　　　　　　　　Anthony V. Scardina
　　　　　　　　　　　　　　　　　Robert T. Fallon
　　　　　　　　　　　　　　　　　Kent P. Connaughton

Counsel for Defendants:     Ruth Ann Storey
Trial Attorney
U.S. Department of Justice
Natural Resource Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel:  202-305-0493
Fax:
Email:

Mary Beth Buchanan
United States Attorney

Albert W. Schollaert
Assistant United States Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel:  412-894-7416
Fax:
Email:

2.      This is an action involving oil and gas interests in the Allegheny National Forest. The action is brought under the Declaratory Judgment Act (28 U.S.C. §§2201-2202) and the Administrative Procedures Act (5 U.S.C. §§702-703), seeking relief under, *inter alia*, the Weeks Act, 36 Stat. 961 (1911), the National Forest Management Act, 16 U.S.C. §§1601-1614, and under theories of trespass, and violation of substantive and procedural due process rights.

3.      The Rule 26(f) conference was held on June 12, 2009.  Gary P. Hunt participated on behalf of the Plaintiff and Ruth Ann Storey participated on behalf of all Defendants.

4.      The Rule 16 Initial Scheduling Conference has been scheduled for July 23, 2009 at 10:30 a.m.

5.      The parties do not, at this time, plan to file a dispositive motion under Fed. R. Civ. P. 12.

6.      The parties are, contemporaneously with the filing of this Report of Rule 26(f) Report, filing a Joint Motion asking the Court to exempt this matter from the ADR process of the U.S. District Court for the Western District of Pennsylvania.  In the event the Court does not grant that Motion, the parties have agreed to participate in Early Neutral Evaluation.

7.      It is the position of the Defendants that Rule 26 disclosures are not required because this is an action for review on an administrative record and therefore is exempt under Fed. R. Civ. P. 26(a)(B)(i).

In the event it is determined that Rule 26(a) disclosures are to be made, Plaintiff will be prepared to make such disclosures within fourteen (14) days after such determination.

8.      It is the position of the Defendants that discovery is not permitted in this case because this is an Administrative Procedures Act case, and therefore Section 706 limits the scope of the court's review to the administrative record.  See 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . .").  The Supreme Court has made clear that in APA cases, "[t]he task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.  See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").  Accordingly, the Defendants believe that discovery is not appropriate in APA cases because the discovery sought is generally not "reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

It is the position of the Plaintiff that discovery is appropriate in this case because the claims are brought not only under the Administrative Procedures Act, but also under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and that there are other causes of action, including trespass, violations of plaintiff's procedural and substantive due process rights, and violations of the Weeks Act, the National Forest Management Act, and the U.S. Energy Policy Act.

To the extent discovery is permitted, the Plaintiffs presently anticipate that some of the issues on which discovery will be required are:

(a)     the identity of the person who provided authority to threaten Defendant's representatives with criminal action in they event they exercised Plaintiff's property rights;

(b)     the background to the granting of and then the termination of the timber removal contract;

(c)     the process by which it was determined that conditions would be imposed on oil and gas interest holders in connection with the development of oil and gas in the Allegheny National Forest;

(d)     the process by which it was determined that oil and gas interest holders would be prevented from developing oil and gas in the Allegheny National Forest;

(e)     the process by which it was determined that oil and gas interest holders would be threatened with arrest and criminal prosecution in the event they entered the Allegheny National Forest to develop oil and gas;

(f)     the process pursuant to which the "notice to proceed" policy was put into place and implemented; and

(g)     the process pursuant to which it was determined that the United States Forest Service would enter into a settlement in the case of <u>Forest Service Employees, et. al. v. United States Forest Service, et. al.</u>, Civil Action No. 08-323, the terms of which included an agreement by the United States Forest Service not to allow further development of oil and gas in the Allegheny National Forest (with the exception of a limited number of identified wells) pending an Environmental Impact Study.

9.     (a)     It is the position of the Defendants that F.R.C.P. 26(a) does not apply to this case because a Federal government agency is a party.

In the event it is determined that Rule 26(a) disclosures are to be made, it will be prepared to make such disclosures within 14 days after such determination.

(b)     The parties do not anticipate that any other parties will be joined.  In the event other parties are to be joined, such joinders shall occur on or before August 28, 2009.

(c)     The parties do not anticipate that there will be any amendments to the pleadings.  To the extent amendments to the pleadings are to be filed, they will be filed on or before August 28, 2009.

(d)     Fact discovery, to the extent there is discovery, shall be completed by October 30, 2009.

(e)     The parties do not believe that it is necessary to conduct discovery in phases, to the extent there is discovery.

(f)     The parties do not anticipate that expert reports will be filed.

(g)-(k)  The parties do not believe that any expert reports will be required in this matter.

10.     It is the position of the Defendants that this is an Administrative Procedures Act review case and therefore discovery is not appropriate.

To the extent there is discovery in this matter, Plaintiff believes that the number of allowable Interrogatories should remain at 25 as to each individual defendant and be increased to 50 for the United States Forest Service.

11.     The parties do not believe that any special deadlines, procedures or orders are required with respect to electronic discovery.

12.     The parties are not electing to schedule a Post-Discovery Status Conference.

13.     The Plaintiff believes that the Court should enter an Order on the issue of whether discovery is to proceed in this case as contended by the Plaintiff, or is not to proceed as contended by the Defendants.

14.     The parties do not believe that a special master will be needed in this case.

15.     With respect to the issue of discovery, it is the position of the Defendants that discovery is not permitted in this case because this is an Administrative Procedures Act case, and therefore Section 706 limits the scope of the court's review to the administrative record. See 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . ."). The Supreme Court has made clear that in APA cases, "[t]he task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court. See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Accordingly, the Defendants believe that discovery is not appropriate in APA cases because the discovery sought is generally not "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

It is the position of the Plaintiff that discovery is appropriate in this case because the claims are brought not only under the Administrative Procedures Act, but also under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and that there are other causes of action, including trespass, violations of plaintiff's procedural and substantive due process rights, and violations of the Weeks Act, the National Forest Management Act, and the U.S. Energy Policy Act.

16.     The parties do not believe that settlement of this case is possible in light of the significant legal issues presented in this case, the other litigation pending with respect to the rights of oil and gas development in the Allegheny National Forest and the settlement reached in the case of Forest Service Employees, et al v. United States Forest Service, et al, CA 08-323.


Respectfully submitted,


 s/Gary P. Hunt
Gary P. Hunt, Esquire


 s/Ruth Ann Storey
Ruth Ann Storey, Esquire

LIT:462216-3 022512-139752

5